(C.D. 3694)

MORRIS FRIEDMAN & Co. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 10, 1969)

*Allerton deC. Tompkins* for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Bernard J. Babb* and *Thomas Fernandes*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: This case involves the proper classification for duty purposes of certain merchandise described on the invoice as "Magnetic Catches in Aluminum Shell." The merchandise was classified under item 647.00, Tariff Schedules of the United States, as fittings and mountings suitable for furniture, cabinets and similar uses, and assessed with duty at 19 per centum ad valorem.

Plaintiff herein contends the merchandise is in fact a magnet and as such is subject to duty at 11.5 per centum ad valorem under item 682.90 TSUS which provides *eo nomine* for magnets and magnetic clamps. An alternate claim under item 682.70 TSUS was abandoned at the trial and is therefore dismissed.

The pertinent portion of the provisions involved herein provide as follows:

Item 647.00, TSUS, 19 U.S.C. § 1202:

Hinges; and fittings and mountings not specially provided for, suitable for furniture, doors, windows, blinds, staircases, luggage, vehicle coach work, caskets, cabinets, and similar uses; all the foregoing, of base metal, whether or not coated or plated with precious metal:

> Not coated or plated with precious metal:
>> Of iron or steel, or aluminum, or of zinc _____ 19% ad val.

Item 682.90, TSUS, 19 U.S.C. § 1202:

Magnets; chucks, clamps, vises and similar work holders, all the foregoing which are magnetic; electro-magnetic clutches and couplings; electro-magnetic brakes; electro-magnetic lifting heads:

> \* \* \* \* \* \* \*

> Other _____ 11.5% ad val.

The record herein consists of the testimony of one witness called on behalf of plaintiff and two exhibits. Plaintiff's exhibit 1 is a sample of the imported catch and plaintiff's illustrative exhibit 2 is a metallic backboard containing a roll of paper and a chain for a pencil. Mr. Ettingoff, general manager of the importing firm whose business is the importation and distribution of hardware items, testified that he was familiar with the magnetic catches having imported and sold them. He has seen the imported articles used in place of thumbtacks to hold paperwork on metallic backboards, in cabinets to hold doors closed when used with other components, to pick up metal clips or pins and to hold small tools. They are called magnetic catches according to the witness because they will "catch" anything that can be magnetized.

The aluminum shell according to Mr. Ettingoff is to protect the fragile magnet and also serves as a holder. The items are also used to hold lids on boxes closed but in such instance the item must be prepared to receive the magnetic catch and a metal back plate or striker plate must be used to attract the magnet and hold the lid closed. In order to prepare the item a recess must be made to hold the magnetic catch. In most cases particularly when used in wooden cabinets the catch usually has a metal or plastic case which has two holes in it for screws. The witness has seen them used in metal cabinets and in fact he sells them to metal cabinet manufacturers but it must always have a strike plate.

Based upon the record as made, plaintiff contends it has established the imported merchandise to be magnets having a variety of uses and in any event the provision for magnets more specifically provides for the merchandise. In addition, it is contended that this provision does not contain a "not specially provided for" clause whereas the provision for fittings under which classification was made does. Plaintiff also contends that when said article is used in metal cabinets it re-

quires a striker plate and since striker plates were not imported with the catches, said catches are not complete articles but only parts. As item 647.00 does not contain a provision for parts, plaintiff urges, the imported magnetic catches are not properly subject to classification thereunder.

There is no question that the imported articles may be utilized to hold papers on an item such as exhibit 2 as stated by the witness. However we are of the opinion that such use would be occasional or fugitive in view of the construction of plaintiff's exhibits. It is often said that a sample is a potent witness. *Marshall Field & Co.* v. *United States*, 45 CCPA 72, C.A.D. 676. An examination of the sample herein disclosed that just below the flange on either side are four lugs which protrude and are used for the obvious purpose of retaining the unit in a recess by means of tension.

The record does establish sales to metal cabinet manufacturers and use by them of the imported article. It would therefore appear with this evidence and the design of the article, specifically the four lugs referred to above, that the catches are designed for and used in metal cabinets for the purpose described in item 647.00 as classified which classification is presumed to be correct. This being so the plaintiff has failed to sustain the first portion of its twofold burden, and must therefore fail.

The question of specificity of items 647.00 and 682.90 and whether one has and the other does not have a "not specially provided for" clause is of no consequence in view of the foregoing.

The last consideration is the question raised by plaintiff relative to the fact that the importation did not contain a striker plate and therefore the magnetic catch is only a part of a fitting or mounting suitable for furniture, doors, etc. By the testimony of plaintiff's own witness the imported articles are sold to metal cabinet manufacturers but not wooden furniture manufacturers. A striker plate would of course be necessary in wooden furniture since a magnetic catch would not hold or catch wood. However a metal cabinet door or lid would be held closed by a magnetic catch with or without a strike plate. Since the presumption of correctness attaching to the classification carries with it the finding that the involved magnetic catches are fittings and mountings suitable for furniture, doors, etc., and the testimony corroborates its use in metal cabinets which may operate without a strike plate as indicated, *supra*, plaintiff has failed to negate the classification.

In view of the foregoing the protest is overruled.

Judgment will be entered accordingly.